Betty L. Rose, Executive Director Kansas State Board of Technical Professions Landon State Office Building 900 SW Jackson Street, Suite 507 Topeka, Kansas 66612
Dear Ms. Rose:
You inquire whether a land surveyor who attempts to comply with K.S.A.58-2001 is violating K.S.A. 21-3724 which prohibits tampering with a landmark.
Land surveyors are required to comply with the statutes relating to land surveys[1] in order to be able to record subdivision plats. The county surveyor is responsible for enforcing these statutes and must certify that the plat meets all of the statutory requirements.[2] One of those requirements is K.S.A. 58-2001 which provides, as follows:
 "All corners in the boundary of a subdivision of land shall be monumented[3] prior to recording of the plat. . . . [This] monument shall be a metallic bar or tube set rigidly in a concrete base."
Boundary surveys are surveys performed for the purpose of describing, monumenting, and locating the boundary lines of a parcel of land.[4]
As the land survey is the basis for ensuring that property titles reflect a correct land description, it is important that the boundary lines be as precise as possible. The role of monumentation in this process is described, as follows:
 "Each corner and point of change in the direction of the boundary line, should be clearly monumented by either a natural or manmade monument. If the corners are not located at existing natural monuments, then manmade monuments should be placed by the surveyor. Monuments are generally in the form of an iron rod which is driven into the ground, and is usually tagged by the surveyor with an . . . identifying marker. Unless removed during the construction process or by other action, these monuments will exist for a great period of time and will allow subsequent investigation as to the actual boundary as walked and staked by the surveyor. In the event of boundary disputes . . . as to the actual on the ground location intended by the parties, these monuments will typically prevail as the best available evidence of their intent."[5]
We understand that at least one county surveyor is interpreting K.S.A.58-2001 to require land surveyors to place existing corner monuments in a concrete base if that was not initially done by a prior land survyeor. A land surveyor takes issue with this county surveyor's interpretation and, instead, interprets the statute as requiring monumentation of onlynew corners. This land surveyor is concerned that if he follows the county surveyor's interpretation of K.S.A. 58-2001, he may run afoul of the criminal statute prohibiting tampering with landmarks.
The landmark tampering statute[6] provides, in part:
 "Tampering with a landmark is willfully and maliciously:
 "(a) Removing any monument . . . established . . . for the purpose of designating the corner of . . . any legal subdivision thereof; or
 "(b) defacing or altering marks upon any tree, post or other monument, made for the purpose of designating any point on such boundary. . . ."[7]
Willful conduct is conduct that is purposeful and intentional and not accidental.[8] "Malicious" is defined as "willfully doing a wrongful act without just cause or excuse."[9]
There are no Kansas appellate decisions addressing either K.S.A.58-2001 or the landmark tampering statute. However, it is our opinion that a land surveyor would not be acting with malice when a land surveyor, in an effort to obtain approval of a subdivision plat by the county surveyor, places an existing corner monument in a concrete base if that was not done initially.
The larger question is whether K.S.A. 58-2001 applies to existing corner monuments.
Apparently, the land surveyor who prompted this opinion request advises that on a particular subdivision plat, there are two existing corners that are " " rebars with caps, sticking out of the ground about 12"-15" and leaning." He inquires, as follows:
 "Do I concrete them and attempt to replace them as found, i.e. 12"-15" out of the ground and leaning? How can I be sure of a correct orientation? If not, do I replace them at ground level (assuming that is possible) at the original cap location, point of ground entry, or some mathematical permutation?"
The county land surveyor's position is that the purpose of survey monuments is to easily locate boundaries of platted property and, therefore, it is necessary to replace or encase old monuments in concrete so they remain upright and permanently affixed in the ground.[10]
Alternatively, the Kansas Society of Land Surveyors (Society) has advised that generally accepted land surveying principles include the desirability of preserving original evidence and, therefore, K.S.A.58-2001 applies only to new corner monuments.[11]
Unfortunately, there are no Kansas appellate court decisions or legislative history that illuminate the intent of K.S.A. 58-2001. The Society appears to rely on the first part of K.S.A. 58-2001 — "monumented prior to recording of the plat" — which apparently was done in this case, albeit not in accordance with the statute (i.e. no concrete setting). The county land surveyor appears to rely on the second part of the statute — "set rigidly in a concrete base" — and does not believe a plat may be approved until this is done. Given the lack of guidance and the apparent diversity of opinion in the land surveying community, we have no basis upon which to provide a legal opinion. We concur with the Society's suggestion that legislative clarification would be helpful.
Sincerely,
 Paul J. Morrison Attorney General
 Mary Feighny Deputy Attorney General
PJM:MF:jm
[1] K.S.A. 58-2001 et seq.
[2] K.S.A. 58-2005.
[3] A monument is a physical object that marks the location of a point in a land survey. 11 C.J.S. Boundaries, § 5.
[4] Kansas Minimum Standards for Boundary Surveys. www.accesskansas.org/ksbtp/KAR66-12-1.html
[5] Land Surveys: A Guide for Lawyers (American Bar Association, 1989) at 79, 86.
[6] K.S.A. 21-3724.
[7] Emphasis added.
[8] State v. Tyler, 138 P.3d 417 (Kan.App. 2006).
[9] State v. Stone, 253 Kan. 105 (1993).
[10] Letter from Assistant Johnson County Counselor, Robert A. Ford, April 3, 2007.
[11] Letter from Douglas A. Farrar, President, Kansas Society of Land Surveyors, May 19, 2007. ("There are many existing corners in Johnson County that were set in the late 1800's and early 1900's. Some of these corners, often stones or square iron bars, were set by the County Surveyor in the course of his official duties. As surveyors, it is our duty to preserve original evidence, not destroy it unless endangered.")